## NEWELL LINDSEY v. ALONZO BRADLEY ET AL.

### Mortgage with Condition to Support.

The defendant owned and was occupying a farm, on which was a mortgage with this condition : " Provided . . . if I, the said Alfred Bennett, my heirs, &c., . . . shall well and truly support or maintain Emeline Temple . . . during her natural life, if she shall stay with the said Bennett during said term ; but if she shall choose to leave him and be supported elsewhere, the said Bennett is to pay her $300." The said Emeline went to the plaintiff's *voluntarily*, and for *no other purpose than a visit*. The proof showed that she was not justified in leaving because she had not been properly cared for. While there she was taken ill. *She* never exercised the right of support elsewhere ; and does not claim the $300. *Held*, that the land is not chargeable for her support elsewhere.

CASE heard at the September Term, 1880, VEAZEY, Chancellor, on bill, answers of the several defendants, and master's report. The court, *pro forma*, dismissed the bill. The case is stated in the opinion of the court.

*Davenport & Eddy*, for the plaintiff.

There is no contract entered into between parties that so much requires the careful scrutiny of courts as those of this nature. *Frizzle* v. *Dearth*, 28 Vt. 787 ; *Devereaux* v. *Cooper*, 11 Vt. 103 ; *Dunklee* v. *Adams*, 20 Vt. 415.

This court has jurisdiction for two reasons : 1. Defendants are bound to support as long as they claim the premises. Yet there is no privity of contract ; orator's right is an equitable one. By supporting her, the orator became subrogated to the rights of Emeline. Leading Cases in Equity, 154 ; *Morris* v. *Oakford*, 9 Ban. 498. 2. Because the land itself is sought to be charged, and can only be reached in a court of equity. There is a general prayer for relief, and that is sufficient to obtain all relief consistent with the general prayer of the bill. *Danforth* v. *Smith*, 23 Vt. 247 ; *Eureka Marble Co.* v. *Windsor M'fg Co.*, 47 Vt. 430.

*K. Haskins* and *J. M. Tyler*, for the defendant.

A party cannot resort to chancery when he has an adequate remedy at law. *Currier* v. *Rosebrooks*, 48 Vt. 34. The orator

Lindsey v. Bradley.

is a creditor of Emeline, if of any one, and he should first establish the fact that he is a creditor and entitled to be remunerated for his services and disbursements from Emeline in a proper proceeding at law, before a Court of Chancery will step in and aid him in reaching the equitable interest of Emeline in property which cannot be reached by execution. *Bigelow* v. *Cong. Society*, 11 Vt. 283; Ib. 15 Vt. 370; *Rice* v. *Barnard*, 20 Vt. 479.

The opinion of the court was delivered by

TAFT, J. The defendants are occupying a farm in Dummerston, in this State, which was conveyed by Alfred Bennett by way of mortgage with a condition to support and maintain Emeline Temple during her natural life if she should stay with said Bennett during said term; but if she should choose to be supported elsewhere, then said Bennett should pay her three hundred dollars. The defendants are occupying the farm under title from said Bennett, and subject to such mortgage. Emeline Temple having left said premises and falling sick at the house of the orator, was supported by him, and this bill is brought to charge said farm with the expenses of her support during such sickness. The condition in the mortgage providing for the support of Emeline was to be in force if " she should stay with said Bennett during said term " (her natural life); but if she chose to be supported elsewhere, she was to receive three hundred dollars in money. She never exercised the right of support elsewhere, and does not claim the three hundred dollars; but the orator insists that she was justified in leaving the premises by the ill treatment of the defendants, and further, that being away, and taken ill at the house of the orator, he is entitled to recover in the latter event, independently of her right to leave by reason of such ill treatment.

The report of the master shows that when Emeline left the premises, she went voluntarily, for no other purpose than a visit; and for aught that appears could at any time have returned; and was able to do so, except for a few weeks. The proofs in the case do not show that she had any cause for leaving; or was justified in so doing by reason of any ill treatment by the defendants, or neglect to provide for her in accordance with the terms

of the mortgage ; and unless these facts, or one of them, is fully proven, the land should not be chargeable with her support elsewhere.

It is evident from the facts reported that the grievances complained of arose substantially from the conduct of Emeline herself; and that the defendants are not derelict in their duty in respect to the obligations resting upon them under the mortgage.   The orator therefore is not entitled to the relief sought in these proceedings.

We do not think it advisable to pass upon the legal questions, which would have arisen, in case Emeline had been justified in leaving the premises by reason of the defendants not performing their duty under the mortgage, without fault on her part.

The *pro forma* decree dismissing the bill is affirmed, and cause remanded.